# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                         Case No. 08-M-67

ERIKA REYES-GUTIERREZ,

    Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

Erika Reyes-Gutierrez was arrested in this district pursuant to a warrant from the Southern District of Texas for an alleged violation of the terms of her supervised release. The violations allegedly occurred in Texas on or about May 4, 2008. At the defendant's initial appearance on July 15, 2008, the defendant waived her right to an identity hearing and did not contest detention. However, she requested a preliminary hearing. Therefore, the court ordered the United States Marshals Service to transport the defendant to the Southern District of Texas for a preliminary hearing within 10 days. The government has now moved for reconsideration of this portion of the court's order. The government argues that the defendant is not entitled to a preliminary hearing and certainly not one within 10 days. For the reasons set forth below, the court shall deny the government's motion for reconsideration.

A preliminary hearing is an essential check upon the government's power to hold persons in custody. If a person in the defendant's position has no right to a preliminary hearing, and thus, as the government argues, the government can hold her indefinitely without any adversarial judicial determination of probable cause, why should the government ever bother with a revocation

hearing? It would certainly be far more efficient to simply hold a defendant suspected of violating the terms of supervised release without any sort of hearing for as long as the government feels is appropriate. While such a scenario can be found in a Kafka novel ("The Trial"), it is incompatible with United States' notions of justice.

Moreover, the government's argument is not supported by the text of the Federal Rules of Criminal Procedure. The defendant appeared before this court pursuant to Rule 32.1(a)(5)(B). The alleged violation of the terms of supervised release did not occur in this district, but the defendant was arrested in this district. The government argues that under such circumstances, the defendant is not entitled to a preliminary hearing. The court finds this argument to be directly contradicted by the Rules.

Rule 32.1 is divided into several sections. The first deals with the person's initial appearance, and the second, with the revocation hearing. Rule 32.1(a)(3) sets forth the requirements for a person's initial appearance for an alleged violation of the terms of supervised release. This provision applies to all persons arrested for alleged violations of the terms of supervised release, regardless of where the alleged violation occurred. Of importance here, Rule 32.1(a)(3)(C) requires the judge to give the following advice: "the person's right, if held in custody, to a preliminary hearing under Rule 32.1(b)(1)." This court doubts that the Rules would require a court to inform a defendant of a right she does not have, as argued by the government.

Turning to the revocation hearing section, Rule 32.1(b)(1)(A) states: "If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." As stated earlier, a person is not to be held in custody awaiting revocation, unless provided with a preliminary hearing, which can be waived. However, the first section of Rule 32.1 contains provisions regarding the venue for the preliminary hearing. Rule 32.1(a)(5) provides that

Case 2:08-mj-00067-AEG   Filed 07/21/08   Page 2 of 4   Document 6

the preliminary must not be held in the district of arrest if the alleged violation did not occur in that district. This makes sense since the purpose is to establish probable cause of the violation, and witnesses are usually present in the district of violation.

Therefore, reading the foregoing sections in conjunction makes it clear that for Reyes-Gutierrez, the preliminary hearing must occur in the district that has jurisdiction to hold the revocation hearing. In this case, that is the Southern District of Texas. Admittedly, Rule 32.1 does not explicitly set forth a time period for when a preliminary hearing must occur. Rather, Rule 32.1(b)(1)(A) simply states that such a hearing must occur "promptly." Therefore, the court must look beyond Rule 32.1 in order to discern what may be appropriately considered prompt for a preliminary hearing.

Rule 5.1, the Rule governing preliminary hearings in cases of defendants charged with felonies, states that a preliminary hearing must be conducted within 10 days if the defendant is in custody. Rule 5.1(c). This time limit can be extended without the defendant's consent only upon a showing of extraordinary circumstances and that justice requires the delay. Rule 5.1(d). However, unlike a defendant arrested for an alleged violation of the terms of supervised release, Rules 5 and 5.1 permit a preliminary hearing to be held in a district other than the district where the offense was allegedly committed or the district otherwise having jurisdiction over the defendant. Rather, a defendant arrested for a felony in a district other than the district where the offense allegedly occurred has a right to a preliminary hearing in the district he was arrested in or in the district where the offense allegedly occurred. In either circumstance, the defendant has a right to a preliminary hearing within 10 days if he is held in custody.

If 10 days are sufficient under Rule 5 and 5.1, the court finds no reason why it should be insufficient under Rule 32.1. Unfortunately, in the experience of this court, it has happened too frequently that persons placed into the custody of the United States Marshals Service for transport

-3-
Case 2:08-mj-00067-AEG   Filed 07/21/08   Page 3 of 4   Document 6

to another district are unreasonably delayed. This has occurred notwithstanding the provisions of the Speedy Trial Act which permit only a delay of ten days to transport a defendant from one district to another. Any delay in excess of ten days is presumed unreasonable. 18 U.S.C. § 3161 (h)(1)(H). Relying upon the inherent ambiguity in words such as "promptly," defendants languish in custody for months while waiting to appear in the charging district.

Therefore, the court has undertaken setting specific deadlines to alleviate this problem of delay and, as such, has ordered the United States Marshals Service to transport the defendant for an preliminary hearing in the Southern District of Texas within 10 days. Absent the defendant's consent, or the defendant's waiver of the preliminary, or a showing "that extraordinary circumstances exist and justice requires the delay," the court shall not amend its prior order.

**IT IS THEREFORE ORDERED** that the government's motion for reconsideration is **denied**. The United States Marshals Service shall transport the defendant to the Southern District of Texas for a preliminary hearing within 10 days of the defendant's initial appearance.

Dated at Milwaukee, Wisconsin this 21st day of July 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
