# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                      **Case No. 08-M-67**

**ERIKA REYES-GUTIERREZ**
        **Defendant.**

## DECISION AND ORDER

Defendant Erika Reyes-Gutierrez appeared before a magistrate judge in this district pursuant to Fed. R. Crim. P. 32.1(a)(5) following her arrest on a warrant issued out of the Southern District of Texas based on alleged violations of her conditions of supervised release occurring in Texas. Defendant waived her right to an identity hearing and did not contest detention, see Fed. R. Crim. P. 32.1(a)(5)(B), but requested a preliminary hearing in the Southern District of Texas. The magistrate judge detained defendant and ordered the United States Marshal to transport her to Texas for a preliminary hearing within ten days. The government objects to this requirement, arguing that (1) defendant has no right to a preliminary hearing under the circumstances and (2) even if she does, the hearing need not be held within ten days. The matter is before me for review by a district judge.

### I. RIGHT TO PRELIMINARY HEARING

I reject the government's first contention. While Rule 32.1(a)(5)(B) does not specifically provide for a preliminary hearing when the defendant is arrested in a district lacking jurisdiction (and the alleged violation occurred elsewhere), the balance of Rule 32.1 suggests that such a hearing is required (unless waived by the defendant). First, Rule 32.1(a)(3)(C) requires the

magistrate judge before whom the defendant makes her initial appearance to advise the defendant of various rights, including "the person's right, if held in custody, to a preliminary hearing under Rule 32.1(b)(1)." This advice of rights provision applies whether or not the initial appearance takes place in the district with jurisdiction. It would make little sense to advise a defendant of a right she does not have. Second, Rule 32.1(b)(1)(A) provides: "If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." This provision, too, contains no limitation based on the location of the defendant's arrest. Given these provisions, it appears that the absence of a specific preliminary hearing clause in Rule 32.1(a)(5)(B) is due to the fact that such hearing cannot occur in a district lacking jurisdiction (unless the alleged violation occurred there), not because there is no right to a hearing.

To the extent that the Rule is ambiguous in this situation, I must interpret it to avoid constitutional problems. See, e.g., Gray-Bey v. United States, 201 F.3d 866, 869 (7th Cir. 2000). The Supreme Court has held that a parolee arrested and detained has a due process right to a preliminary hearing. Morrissey v. Brewer, 408 U.S. 471, 485-87 (1972); see also Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973) ("[A] parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision."). I see no suggestion in Morrissey and Gagnon that this due process right evaporates based on

2

the location of the arrest.[1] Further, as the Ninth Circuit recently explained: "The requirements of Morrissey were formalized in Federal Rule of Criminal Procedure 32.1." United States v. Santana, 526 F.3d 1257, 1259 (9th Cir. 2008). For these reasons, Rule 32.1 should be interpreted to require a preliminary hearing when the defendant is arrested in a district lacking jurisdiction. Therefore, I agree with the magistrate judge that defendant in the present case has a right to a preliminary hearing in the Southern District of Texas under Rule 32.1 and the Due Process Clause.

## II. TIMING OF HEARING

The more difficult issue is the timing of the preliminary hearing under these circumstances. The magistrate judge, analogizing to Fed. R. Crim. P. 5.1(c)[2] and 18 U.S.C. § 3161(h)(1)(H),[3] concluded that the hearing must take place within ten days.[4] While the

---

[1]It is worth noting that a defendant arrested in another district will almost always have committed a violation in that district based on her mere presence. See U.S.S.G. § 5D1.3(c)(1) ("[T]he defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer."). In that situation, there is plainly a right to a preliminary hearing in the arresting district under Fed. R. Crim. P. 32.1(a)(5)(A).

[2]This Rule provides that when the defendant is charged by complaint with an offense other than a petty offense: "The magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 10 days after the initial appearance if the defendant is in custody and no later than 20 days if not in custody." Fed. R. Crim. P. 5.1(c).

[3]This provision of the Speedy Trial Act excludes "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(H).

[4]There is some ambiguity in the order, which states that the Marshal "shall transport the defendant to the Southern District of Texas for a preliminary hearing within 10 days of the defendant's initial appearance." (Order Denying Motion for Reconsideration at 4.) Its not clear whether the Marshal must get defendant to Texas within ten days or whether the hearing must take place within ten days. Because I conclude that the Rules contain no definite deadline, I

3

magistrate judge's concern that defendants not languish in the custody of the United States Marshal is legitimate, I cannot conclude that the law requires that the preliminary hearing always be held within ten days. Defendant cites no case applying Rule 5.1(c) or § 3161(h) to revocation proceedings,[5] and the specific rules applicable to such proceedings are worded in more open-ended fashion. As the Ninth Circuit explained in Santana:

> Rule 32.1 prescribes three kinds of hearings: initial appearance, Rule 32.1(a); preliminary hearing, Rule 32.1(b)(1); and revocation hearing, Rule 32.1(b)(2). Each hearing has a timeliness requirement in the rule. See Fed. R. Crim. P. 32.1(b)(1)(A) (preliminary hearing "must [be] promptly conduct[ed]"), (b)(2)(final hearing to be held "within a reasonable time"). For the initial appearance, "A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 32.1(a)(1); see also 18 U.S.C. § 3606 ("[U]pon arrest, [a person alleged to have violated terms of supervised release] shall be taken without unnecessary delay before the court having jurisdiction over him.").

526 F.3d at 1259-60.

Thus, under the plain language of the applicable rule and statute, the hearing must occur "promptly" and the government must take the defendant to the court having jurisdiction "without unnecessary delay."[6] The cases follow this more flexible approach. See, e.g., Santana, 526 F.3d at 1260 (holding that relief is warranted only if "there was both unreasonable

---

need not resolve the issue.

[5] Defendant cites Luther v. Molina, 627 F.2d 71, 74 n.3 (7th Cir. 1980), where the court stated: "It is possible that a ten day delay between detention and the preliminary hearing does not meet either constitutional or statutory requirements. Of course, delay may be caused by conditions beyond the Commission's control, such as a request by the parolee for counsel at the hearing." Luther was decided under the Parole Commission and Reorganization Act, which has no applicability here. In any event, Luther did not hold that the hearing must be held within ten days in all cases.

[6] In Morrissey, the Court stated that the hearing should be held "as promptly as convenient after arrest." 408 U.S. at 485.

4

delay and prejudice"); United States v. Horney, 47 Fed. Appx. 869, 871 (10th Cir. 2002) (holding that Rule 32.1 rather than Rule 5 applies in revocation proceedings, and that violation of this Rule "does not warrant overturning the revocation decision or resulting sentence unless the defendant demonstrates prejudice from the delay in holding the probable cause hearing"); United States v. Salmon, No. 99-50005, 2000 WL 1160843, at *2 (9th Cir. Aug. 16, 2000) ("A delay of less than a month does not violate the requirement in Rule 32.1 that the preliminary hearing be 'prompt.'"); see also United States v. Scott, 850 F.2d 316, 318-20 (7th Cir. 1988) (adopting a balancing test for evaluating claims of delay in revocation proceedings).

Therefore, compliance with Fed. R. Crim. P. 32.1(b)(1)(A) and 18 U.S.C. § 3606 should be evaluated on a case-by-case basis. It may well be that in most cases the hearing should take place within ten days, but I see no grounds for holding that to be so in all cases. In the present case, the district court in Texas will have to determine whether the government acted with appropriate dispatch.[7]

---

[7] To the extent that defendant has a right to prompt disposition of her case, she can enforce that right only in the Southern District of Texas. Both sides agree that this court lacks authority to provide defendant relief for a violation of Rule 32.1 or § 3606. (See Def.'s Response at 12; Govt.'s Objection at 5-6.) Further, because defendant has since been transported out of this district, I have considered whether the issue is moot. There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." This exception permits federal courts to adjudicate cases that would otherwise be moot if: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. Protestant Memorial Medical Center, Inc. v. Maram, 471 F.3d 724, 730 (7th Cir. 2006). The complaining party here, the government, indicates that it is concerned that orders requiring transport for preliminary hearings within ten days will regularly issue from magistrate judges in this district in Rule 32.1(a)(5) proceedings, and it seeks to avoid violation of any such orders. Because the issue is capable of repetition in other cases, it is not moot. See United States v. Howard, 480 F.3d 1005, 1009-10 (9th Cir. 2007) (finding that review of magistrate judges' policy of shackling defendants at initial appearances was not moot, even though the specific defendants challenging the policy had already completed their initial appearances, because the policy was sure to be applied to other

5

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's order is affirmed in part and reversed in part as stated herein.

Dated at Milwaukee, Wisconsin, this 11th day of August, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

defendants).